Gregory Clyde Souza Cravalho
Toni Noelani Cravalho
1515 Kaupakalua Road
Haiku, Hawaii 96708
    *Pro Se*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 20 2015

at /0 o'clock and 26 min A M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Gregory Clyde Souza Cravalho, Toni Noelani Cravalho, Moses DeVera, and Frances DeVera <br>     PLAINTIFFS <br><br> vs <br><br> CENTRAL PACIFIC BANK, CENTRAL PACIFIC HOMELOANS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, <br>     DEFENDANTS | DOC NO. CV15-00005 SOM-BMK <br><br> AMENDMENT TO PETITION TO VOID CONTRACT ON GROUNDS OF FRAUD AND DECEIT; <br> CERTIFICATE OF SERVICE |

## AMENDMENT TO PETITION TO VOID CONTRACT ON GROUNDS OF FRAUD AND DECEIT

This is an amended action to the original petition that filed with this court on January 7, 2015. The Defendant entered a response to the original Petition and the Plaintiff's Motion to Set Aside Writ of Possession and To Stay. However, the court denied the Motion to Set Aside the Writ of Possession and To Stay, for lack of jurisdiction of subject matter.

Therefore, in order for the action to proceed, the Plaintiff had to order a Securitization Audit and Bloomberg Report, Forensic Research to gather evidence to properly enter a claim to proceed with this action.

The Plaintiff hereby enters this amended Petition in place of the original petition.

## I. JURISDICTION AND VENUE

Contract Agreement of Mortgages with Promissory Notes falls under the Federal Court's Jurisdiction. Mortgages with Promissory Notes are governed by Federal Law, and therefore this Court has priority Jurisdiction. The Plaintiff entered into contract with Defendants for a First and Second Mortgage.

## II. JUDICIAL NOTICE

Plaintiff moves this Honorable Court to take Mandatory Judicial Notice under the Federal Rules of Civil Procedure Rule 201 (d), (e) of the following:

> a. The United States Supreme Court, in *Haines v Kerner* 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.
>
> b. In *Platsky v CIA*, 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the plaintiff so that he could have amended his pleadings accordingly.
>
> Plaintiff respectfully reserves the right to amend this complaint.
>
> c. Under the Federal Rules of Evidence 1002 and 1003 governing the admissibility of duplicates, any photocopies brought in as evidence are considered to be forgeries. It is unfair to admit a photocopy in the place of an original as there are information contained within the original that is not in a photocopy, specifically the only legally binding chain of title to the promissory note.
>
> d. Under Uniform Commercial Code - ARTICLE 3 -§3-308, all signatures presented that is not on an original format (with the original wet ink signature) is hereby denied and is inadmissible.
>
> e. Uniform Trial Court Rule 2.060
>
> 2.060 ENTERING JUDGMENT ON FACE OF NEGOTIABLE INSTRUMENT
> (1) In all cases when a judgment is to be based on a negotiable instrument, the party with custody of the original instrument must tender such instrument to the court before the entry of judgment, and the court must enter a notation of the judgment on the face of the instrument.
> (2) The trial court administrator shall return the original instrument only after filing a certified copy of the instrument

## III. PARTIES

1. The Plaintiff is Gregory Clyde Souza Cravalho and Toni Noelani Cravalho who are alleged Mortgagors/Borrowers. Mr. Moses DeVera and Mrs. Frances DeVera who are alleged "Borrowers". **Although Mr. and Mrs. DeVera are Parties to this case, Mr. and Mrs. DeVera reserves their right to be heard only on paper. Mrs. DeVera has passed away on February 18, 2015, and Mr. DeVera, 84 under extreme stress and grieving with the loss of his wife is unable to be present.**
2. The Defendants, Central Pacific Bank (CPB), allegedly claims owner of the Note, Central Pacific Homeloans, Inc. allegedly the Lender, Fannie Mae/REMIC is the alleged owner of the loan. Mortgage Electronic Registration Systems (MERS) allegedly a nominee of the Mortgage.

## IV. CLAIMS AND GENERAL ALLEGATIONS

1. **Defendants is not the real and beneficial party of interest.**

   Holmes & Galt, a Securitization Audit Company, submitted a Preliminary Securitization Audit Report to Plaintiffs, showing Central Pacific Bank is the Mortgage Company, Fannie Mae/REMIC appears to own the loan, and Central Pacific Homeloans, Inc. is the original Lender.

   If indeed, Central Pacific Homeloans, Inc. is no longer the owner of the Note or the Lender, then Central Pacific Homeloans, Inc. is not the real and beneficial party of interest.

   If indeed, Central Pacific Bank is the Mortgage Company, then Central Pacific Bank acts only in the capacity of a Servicer, and therefore, is not the real and beneficial party of interest, pursuant to CFR Title 12: Banks and Banking PART 226.39 — TRUTH IN LENDING (REGULATION Z), a Servicer do not have the rights of the owner of the obligation.
   > 1) A "*covered person*" means any person, as defined in §226.2(a)(22), that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment, or other transfer, and who acquires more than one mortgage loan in any twelve-month period. **For purposes of this section, a servicer of a mortgage loan shall not be treated as the owner of the obligation** if the servicer holds title to the loan or it is assigned to the servicer solely for the administrative convenience of the servicer in servicing the obligation.

Fannie Mae, is a publicly owned-government sponsored corporation chartered, in 1938 to purchase mortgages from Lenders and resell them to investors; and, is an Agency type Trust of (REMIC) Real Estate Mortgage Investment Conduit that is a complex pool of Mortgage Securities created for the purpose of acquiring collateral. Therefore, Fannie Mae may not be the real and beneficial party of interest.

2. **INVALID ASSIGNMENT OF THE DEED OF TRUST**

    According to the website of the State of Hawaii Department of Commerce and Consumer Affairs, Business Registration site shows, Central Pacific Bank acquired Central Pacific Homeloans. On January 3, 2012 Central Pacific Bank registered Central Pacific Homeloans, as a Trade Name, with Central Pacific Homeloans, Inc. its consent name, for the purpose of Residential Mortgage Lending.

    In addition, the website of the State of Hawaii Department of Commerce and Consumer Affairs, Professional and Vocational Licensing site shows, Central Pacific Homeloans, (Mortgage Brokers Branch Office) MBB-748-1 License expired December 31, 2008. It also showed Central Pacific Bank having no results as to having any Mortgage Professional and Vocational License.

    Furthermore, Mortgage Electronic Registration Systems with MERS (MERS being scratched out) was registered in the Department of Commerce and Consumer Affairs, Business Registration, as a Trade Name on January 4, 2005, naming B F Butterfield as the sole proprietor; with an expiration date of its Trade Name, January 4, 2010.

    On October 21, 2013, an Assignment of Mortgage from Mortgage Electronic Registrations Systems, Inc. to Central Pacific Bank was recorded in the Bureau of Conveyances, document no A-50420885.

    Now, if indeed, Mortgage Electronic Registrations Systems was no longer registered in Hawaii to do business, and Central Pacific Bank, and/or its Trade Name Central Pacific Homeloans no longer held a Mortgage Broker Professional and Vocational License, then the Assignment of Mortgage should be invalid.

3. **THE LENDER WAS PAID IN FULL**
    If indeed, Central Pacific Homeloans, Inc. was the original "Lender" and the Note came into the possession of Fannie Mae/REMIC as the owner of the Note according to Holmes & Galt's Preliminary Securitization Audit Report, then it appears that, Central Pacific Homeloans, Inc. was paid in full for the Note by Fannie Mae/REMIC.

4. **UNCLEAR CHAIN OF TITLE**

If indeed, Fannie Mae/REMIC who claimed to be the owner of the Note, and Central Pacific Bank is the Mortgage Company, then the Promissory Note and Deed of Trust was bifurcated, therefore, the chain of title is unclear or clouded.

> Under United States Supreme Court decision of Carpenter v. Longan, 83 U.S. 16 Wall. 271 271 (1872), the Deed of Trust follows the Promissory note. Where the promissory note goes, the Deed of Trust must follow.

In addition, if indeed, the Assignment of Mortgage is invalid as stated in #2 (INVALID ASSIGNMENT OF THE DEED OF TRUST), then the chain of title is unclear or clouded.

Plaintiffs alleges that the Defendant is acting in fraud to commit theft.

5. **VIOLATIONS OF APPLICABLE FEDERAL LAW**
   Under the Fair Debt Collections Practices Act, the Defendants are governed under a "debt collector" having fully sold their interest in the promissory note. Therefore, the debt is disputed and validation of debt is demanded by the Plaintiff. If, the Defendants failed to provide proof of claim within 30 days, Federal law has been violated.

   Under 15 USC 1692f - FDCPA § 808 (6), it is illegal to threaten to take non-judicial action to dispossess property without any true right to possession of the property claimed as collateral through an enforceable security interest. The Defendant in this action is a Servicer and not a real party of interest, yet have threatened to take action to foreclose, which is in direct violation of this code.

   These are among many violations of applicable Federal Laws committed by the Defendant. Therefore, the terms of the Deed of Trust are blatantly violated, thus making the Deed of Trust invalid and unenforceable.

6. **FAILURE TO VALIDATE A DEBT**
   Under 15 USC 1692g (FDCPA § 809. Validation of debts), the Plaintiff is entitled to ask for validation of the debt. Under FDCPA § 809 (b), the debt collector has 30 days to provide the consumer with the information to validate the debt, including the identification of the creditor.

7. **ATTEMPTING SEIZURE OF PROPERTY ON FALSE PRETENSE**

Under 15 USC 1692a - FDCPA § 807 (4), it is illegal to represent that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

The Defendant does not have any lawful authority to collect the debt and failed to validate the debt upon demand. The Defendant threatens to sell/seize the Plaintiff's property under false pretense and false representation as evidenced herein and hereinafter.

8. **PROVIDE AND RECORDED FALSE DOCUMENTS**
   Under 15 USC 1692a - FDCPA § 807 (10), it is illegal to provide false representation or deceptive means to collect or attempt to collect any debt.

   The Defendants makes representation that they are a lender while attempting to foreclose on the Plaintiff's property.

9. **FALSE REPRESENTATION THAT DOCUMENTS ARE LEGAL PROCESS**
   Under 15 USC 1692a - FDCPA § 807 (13), the Defendant represents and attempts to deceive the Plaintiff into believing they are in fact a lender attempting to foreclose on the Plaintiff's property following proper legal due process.

   The very fact that the loan has been securitized means the loan has been sold on to investors in stock markets such as the New York Stock Exchange means the real identity of the holder in due course is unknown.

   Therefore the Defendant is neither the real party of interest, nor the holder in due course yet is using this State's foreclosure process as if they are so they can obtain "unjust enrichment" from the deception.

   On the Mortgage, dated March 24, 2008, under (C) **"MERS"** is Mortgage Electronic Registration Systems, Inc. **MERS** is a separate corporation that is <u>acting solely as a nominee</u> for Lender and Lender's successors and assigns. <u>**MERS** is the mortgagee under this Security Instruments</u>. **MERS** is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, Michigan 48501-2026, tel. (888) 679-**MERS**."

### Kansas Supreme Court Sets Precedent – Key Decision Confirming

## Livinglies' Strategies

Posted on September 16, 2009 by livinglies

"Here it is. On August 28, 2009 the Supreme Court of the State of Kansas rendered an opinion based calmly on existing law and relentlessly applying it to the chagrin of all participants in the securitization scheme. **MERS** was the appellant seeking to invoke due process rights which it said were violated when they failed to get notice of the fact that their "interest" was being wiped out. The Court said simply that MERS — or any nominee" didn't have any interest and proves its point by reference to simple statements in the documents and the simplest of laws and interpretation of the role of MERS and the requirements of recordation. The splitting of the note and mortgage creates an immediate and fatal flaw in title.

Title carriers take notice — all previous foreclosures falling within the scope of this opinion are subject to either compensation to the homeowner or reinstatement of the homeowner as possessor and owner of the home, or both. The implications of this ruling cannot be overstated — but neither should it be overused.

This is one state, but it is likely to serve as the basis for most appellate opinions rendered on securitized loans. The tide has turned.

The moral of the story is that those encumbrances (mortgages) don't exist in most cases, the foreclosures were all fatally flawed, the people who have been chased out of their homes, still own those homes, and the parties seeking to enforce the note can do so only as unsecured creditors and only if they prove that they lent the money that funded the loan and only if they are willing to be subject to counterclaims, cross claims, affirmative defenses and defenses of the borrower relating to predatory lending, appraisal fraud, securities fraud, rescission under all available theories of law, damages, treble damages, punitive damages, exemplary damages and consequential economic damages.

This is the start of what will be a long line of cases running through State Courts and Federal Courts finding that MERS, the whole "Nominee" business plan, assignments from those without power to assign, splitting the note and mortgage making the mortgage unenforceable, necessary and indispensable parties, vacating judgments procured by fraud, and all the other basic black letter law flaws in the securitization of loans are exposed for what they are — a scheme that would and did wreak havoc on the notice and recording requirements of each and every state, a scheme whose execution created fatal flaws in title, and the intent to by-pass the basic requirements of law in effect since at least the 17th century.

This case must be read multiple times and very carefully as it contains a succinct discussion of the decisions in other states. I will be referring to this case and analyzing it in the days ahead for our blog readers and for my clients who have retained me as an expert witness. I agree with every word in this opinion — a rarity and I am relying on it as corroboration for all my prior writing and expert opinions rendered in all cases across the country."

> *IN THE SUPREME COURT OF THE STATE OF KANSAS No. 98,489* **LANDMARK NATIONAL BANK**, *Plaintiff/Appellee, v. BOYD A.* **KESLER** *Appellee/Cross-appellant* **MILLENNIA MORTGAGE CORPORATION**, *Defendant, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND* **SOVEREIGN BANK***), Appellants/Cross-appellees, and DENNIS BRISTOW AND TONY WOYDZIAK, Intervenors/Appellees.*

10. **FAILURE TO IDENTIFY THE TRUE CREDITOR**

    Under 15 USC 1692a - FDCPA § 807 (14), it is illegal for the creditor/Defendant to use any business name other than the true name of the debt collector's true name and business.

    The debt was sold on to another party as evidenced by the securitization audit provided by Holmes & Galt.

    Here, the Central Pacific Bank colluded with Mortgage Electronic Registrations Systems (MERS), Inc. using an Assignment of Mortgage to foreclose on the disputed (and unvalidated) debt without revealing who is the real party of interest (and owner in due course for the note).

11. **FALSE AND MISLEADING COMMUNICATION**

    Under 15 USC 1692a - FDCPA § 807 (13), the Defendant represents and attempts to deceive the Plaintiff into believing they are in fact a lender attempting to foreclose on the Plaintiff's property following proper legal due process.

    The very fact that the loan has been securitized means the loan has been sold on to investors in stock markets such as the New York Stock Exchange. The real identity of the holder in due course is unknown.

    Therefore, the Defendants is neither the real party of interest, nor the holder in due course, yet, is using this State's foreclosure process to obtain "unjust enrichment" from the deception.

# V. INJURY

From the initial signing of the First and Second Mortgage on March 24, 2008, Mr. and Mrs. DeVera, and Mr. and Mrs. Cravalho were preyed upon by Central Pacific Homeloans, and Central Pacific Bank along with MERS have brought upon much pain, suffering and damages to Plaintiff's and family, through the misleading, coercion, harassment, extortion, collusion, etc. that contributed to the much emotional distress, pain, suffering and damages as follows:

Mr. Cravalho, who suffered a massive heart attack, an implant of a heart defibrillator; unable to work, has lost his business. As Mr. Cravalho, being the sole provider for his family, no longer

having the ability to provide for them; struggled financially with the loss of income. Mr. Cravalho has endured the witnessing of the declination of his mother in law's health and loss of life; and the fear, pain, struggles and anxieties of his children and grandchildren.

Mrs. DeVera, an elderly woman, suffered a rapid declination in her health, where she passed away on February 18, 2015. And, with the loss of his wife, there is great concern of Mr. DeVera's wellbeing as he is 84.

Mrs. Cravalho has undergone so much grief as Mr. and Mrs. DeVera are her parent's, and Mr. Cravalho her husband. She had to endure going through the witnessing of the declination of both her husband's and mother's health and death, sleepless nights, worry, anxiety, with concerns of becoming homeless at her age to name a few. Mrs. Cravalho has endured the witnessing of the declination of her mother's health and loss of life; and the fear, pain, and struggles and anxieties of her children and grandchildren.

Plaintiff's grandchildren and children, who live with Plaintiff's, had to endure the witnessing of their grandparents and great grandparent declination of health and wellbeing, and loss of life, has gone through their own fears, struggles and anxieties.

Mr. and Mrs. Cravalho's other children, who are the grandchildren of Mr. and Mrs. DeVera, struggled with these events causing strife, division, and contention amongst the family that was once a unified and a happy family.

The credit and credit ratings of Mr. and Mrs. Cravalho, and Mr. Bennett Medeiros were damaged.

Plaintiffs incurred extensive medical expenses.

## VI. CONCLUSION

As the owner and grantor of real property, the Plaintiff has an obligation and right to defend the title to his property. Since there are significant controversies over who the real and beneficial parties of interest are in the Deed of Trust and Promissory Note, the Plaintiff hereby Moves this Court to enter an Order compelling all parties who can lay lawful claim on the Deed of Trust to do so by presentment of valid enforceable proof of claim as governed by the Federal Rules of Evidence 1002 and 1003, ORS 73.0301 (the power to enforce is vested in the real party of interest) and 73.0501 (A) and (b) (presentment of the original wet ink signature promissory note upon demand) with specific named endorsement.

The purpose of this action is to clarify **who the real party of interest** is. Who can lay claims on the title of the subject property, and not to have the debt discharged, nor to have the property "free

and clear". The issue of the debt is open and must be resolved at such time a real and beneficial party of interest can present himself/herself with a true and bona fide proof of claim and title.

Under the Fourth Amendment of the Constitution of the United States, a citizen is protected against illegal search and seizure of property without proper due process. This action is to reinforce and reassert the Plaintiff's rights to due process.

Under the Federal Rules of Civil Procedure 17, in which an action must be taken in the name of a real party of interest, the Plaintiff merely wishes to have the Defendant clarify and stipulate that they are in fact a real party of interest before they may be allowed to lay claims on the subject property.

If no one party can come forth to claim perfected security interest in the Deed of Trust and the Promissory Note, then the Plaintiff Moves this court to Declare the Deed of Trust to be null and void.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully moves this Honorable Court to enter a judgment ordering the following remedies:

1) Declare the Deed of Trust and Note to be null and void.
2) Ordering the Defendant to remove any derogatory reporting of the debt from all credit reporting agencies.
3) Granting any such other relief as is necessary and appropriate.

The Plaintiff verified that these statements are true and correct to the best of his knowledge under penalty of perjury.

Dated: February 22, 2015, Haiku, Maui, Hawaii

_____          _____
Gregory Clyde Souza Cravalho, *Pro Se*          Toni Noelani Cravalho, *Pro Se*

Gregory Clyde Souza Cravalho
Toni Noelani Cravalho
1515 Kaupakalua Road
Haiku, Hawaii 96708
    *Pro Se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Gregory Clyde Souza Cravalho,<br>Toni Noelani Cravalho, Moses DeVera, and<br>Frances DeVera<br>    PLAINTIFFS<br><br>vs<br><br>CENTRAL PACIFIC BANK, CENTRAL PACIFIC<br>HOMELOANS, MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS,<br>    DEFENDANTS | DOC NO. CV15-00005 SOM-BMK<br><br>AMENDMENT TO PETITION TO VOID<br>CONTRACT ON GROUNDS OF FRAUD<br>AND DECEIT;<br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I, hereby certify, that a copy of the above AMENDMENT TO PETITION TO VOID CONTRACT ON GROUNDS OF FRAUD AND DECEIT will be serve upon CORIANN C. TAKAMIYA ATTORNEY for CENTRAL PACIFIC BANK, and CENTRAL PACIFIC HOMELOANS by Certified mail to 220 SOUTH KING STREET, SUITE 1900 HONOLULU, HAWAII 96813, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) by Certified Mail to P.O. BOX 2026 Flint Michigan 48501-2026.

_____      February 22, 2015
Gregory Clyde Souza Cravalho, *Pro Se*      Date